UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLEG P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-428-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating the medical evidence, testimony, and residual functional capacity ("RFC"). (Dkt. # 12 at 2.) As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1988, has at least a high school education, and has worked as a computer operator, chauffeur driver, and security guard. AR at 127-28. Plaintiff was last gainfully employed on January 1, 2020. *Id.* at 111.

ORDER - 1

On August 11, 2020, Plaintiff applied for benefits, alleging disability as of January 1, 2020. AR at 108. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on December 9, 2021, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 105-35. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    DISCUSSION

Plaintiff argues the ALJ erred in evaluating the medical evidence, discounting his and lay witness testimony, and in assessing the RFC. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.    The ALJ Did Not Err in Assessing the Medical Opinion Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff challenges the ALJ's assessment of his severe impairments, Dr. Dassel's opinion, and other medical evidence, which the Court addresses in turn.

#### 1.    Severe Impairments

In a section titled "Severe impairments," Plaintiff allots the first page of his opening brief argument to descriptions of medical record excerpts, without any accompanying analysis. (Dkt. # 12 at 3.) But it is not the Court's role to reevaluate the evidence. *See Thomas*, 278 F.3d at 957 (affirming where the "ALJ's interpretation of the conflicting medical evidence is supported by substantial evidence"). "It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). And while Plaintiff's reply brief responds to arguments the Commissioner raised, it does not address whether the ALJ's decision is supported by substantial evidence and free of legal error. (Dkt. # 19 at 2-4.) The Court thus finds that Plaintiff failed to show the ALJ erred in determining his severe impairments.

2. *Jeffrey Dassel, M.D., and Appeals Council Evidence*

Plaintiff's opening brief spends five pages describing portions of Dr. Dassel's clinical findings, before concluding that this evidence supports Plaintiff's testimony and "fully undermines the ALJ's decision." (Dkt. # 12 at 3-7.) This does not meet Plaintiff's burden to demonstrate error because it does not constitute an argument. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (noting the court "'ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief'") (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2008)); *see also Molina*, 674 F.3d at 1111 (holding that the burden of showing harmful error falls on the party attacking an agency's determination) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

Furthermore, Plaintiff spends several additional pages at the end of his opening brief summarizing evidence submitted to the Appeals Council – a December 2021 statement from Dr. Dassel and findings from Dr. Mohan and Dr. Hsu – without making any argument. (Dkt. # 12 at 12-15.) Plaintiff then concludes this "provides further support for [Plaintiff's] testimony, and it shows that the ALJ's decision was not supported by substantial evidence and it was based on legal error." (*Id.*) Plaintiff's assertions here do not show a nexus between the ALJ's decision and whether it was supported by substantial evidence and free of legal error. The Court thus declines to manufacture Plaintiff's argument on this matter.

3. *Other Medical Findings*

Plaintiff's opening brief spends six pages summarizing portions of the medical record before concluding, "these records undermine the ALJ's reasons for rejecting [Plaintiff's] testimony, and they also undermine the ALJ's residual functional capacity assessment." (Dkt. #

ORDER - 4

12 at 7-12.) As noted *supra*, it is not the Court's role to reevaluate the evidence, and Plaintiff's summary of the record here does not make specific and distinct arguments on whether the ALJ's decision is supported by substantial evidence and free of legal error.

In contrast, Plaintiff's reply brief raises two arguments: (1) Dr. Chang's March 2019 findings showed Plaintiff had "broad-based disc protrusion with moderate central canal stenosis at L5-S1 and a severe left foraminal stenosis at L2-3," which supports Plaintiff's testimony about the severity of his back pain and related symptoms; and (2) Dr. Boone's findings that Plaintiff had a "positive FABAR test, distraction test, compression test, and straight leg raise-test, and had tenderness to palpitation along his SI joint, left greater than right" supports Plaintiff's testimony related to his bilateral sacroiliac joint pain. (Dkt. 19 at 4-5.)

While Plaintiff makes specific claims on reply, he does not connect Dr. Chang and Dr. Boone's findings to an error the ALJ made in evaluating the medical evidence or forming the RFC. As a result, the Court finds no error in the ALJ's determination on this matter.

    4. *Non-Examining Opinions*

Plaintiff challenges the ALJ's evaluation of various non-examining opinions in the record, without specifically challenging the ALJ's reasoning or evaluation of individual opinions. Plaintiff asserts that these opinions are "lacking in supportability and consistency," and that "none of the non-examiners reviewed any of the evidence since May 2021." (Dkt. # 12 at 15.) But it is not clear how these statements relate to the ALJ's evaluation of non-examining medical opinions.

Finally, Plaintiff asserts the ALJ committed harmful error because "a reasonable ALJ who properly evaluated the medical evidence … could have reached a different disability

ORDER - 5

1  determination." (Dkt. # 12 at 15.) But when evidence is susceptible to more than one rational

2  interpretation the Commissioner's conclusion must be upheld.

3       **B.**     **The ALJ Did Not Err in Discounting Plaintiff and Lay Witness Testimony**

4       The ALJ spent seven pages discussing Plaintiff's testimony and why she discounted parts

5  of it. AR at 118-24. The ALJ found the objective medical evidence and the longitudinal record

6  showed Plaintiff's symptoms were not as debilitating as he alleges. *Id*. Specifically, the ALJ

7  found Plaintiff's statements about the intensity, persistence, and limiting effects of their

8  symptoms inconsistent with the record. *Id*. Plaintiff argues these reasons are not clear and

9  convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th

10 Cir. 2014).

11      First, Plaintiff contends the ALJ erred because she failed to properly evaluate the

12 objective medical evidence. (Dkt # 12. at 16.) As explained *supra*, Plaintiff fails to show the ALJ

13 erred in evaluating the medical evidence. And the ALJ spent seven pages detailing specific

14 findings, including citations to the longitudinal record, explaining how Plaintiff's testimony was

15 inconsistent with the evidence.

16      Second, Plaintiff contends his testimony shows he is more limited than the ALJ found,

17 that none of his activities are inconsistent with his testimony, and the ALJ thus erred by not

18 properly evaluating and crediting this evidence. (Dkt. # 12 at 17.) But Plaintiff did not provide

19 any explanation illustrating the consistency between his activities and testimony. Plaintiff's

20 conclusory statements that "his testimony shows that he is more limited than he was found to

21 be," and "none of his activities show that he could perform any type of full-time competitive

22 work on a sustained basis," do not state an argument this Court can respond to. (*Id*.) Plaintiff thus

23

ORDER - 6

1  fails to show that the ALJ's finding on Plaintiff's testimony is unsupported by substantial
2  evidence.
3        Next, Plaintiff summarized testimony from the lay witness, before asserting the ALJ
4  erred by only evaluating the lay witness testimony insomuch as it was consistent with the
5  medical evidence. (Dkt. #12 at 18.) But the ALJ is not required to provide a written analysis of
6  evidence from every nonmedical source. *Fryer v. Kijakazi*, 2022 WL 17958630 at *3 n.1 (9th
7  Cir. Dec. 27, 2022) ("It is an open question whether ALJs are still required to consider lay
8  witness evidence under the revised regulations, although it is clear they are no longer required to
9  articulate it in their decisions"). Additionally, even if the ALJ should have discussed the lay
10 witness testimony in more detail, this error would be harmless because Plaintiff's testimony was
11 similar to the lay witness'. *See, e.g., Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694
12 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the
13 claimant's] own subjective complaints, and because [the lay witness'] testimony was similar to
14 such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay
15 witness'] testimony").
16       As explained prior, the ALJ gave sufficiently clear and convincing reasons for
17 discounting the Plaintiff's testimony, and the lay witness testimony may be rejected for the same
18 reasons. Plaintiff thus failed to show harmful error in this part of the ALJ's decision.
19       **C.**    **The ALJ Did Not Err in the Evaluation of RFC**
20       Plaintiff asserts the ALJ improperly rejected evidence and failed to consider time off-task
21 or absence limitations. (Dkt. # 12 at 19.) Plaintiff's assertion is unpersuasive and inconsistent
22 with the ALJ's decision. The ALJ addressed Plaintiff's physical and mental limitations in
23 forming the RFC and relied upon vocational expert ("VE") testimony that a person with

ORDER - 7

Plaintiff's limitations could perform relevant work as an office helper, housekeeping cleaner, and small parts assembler. AR at 305-06.

Plaintiff contends that the VE's testimony about his capacity to work rested on flawed hypothetical questions and was not substantial evidence. (Dkt. # 12 at 19.) Specifically, Plaintiff contends the hypothetical the ALJ relied on was inaccurate because it did not incorporate testimony from himself or the lay witness and medical opinions that would support additional limitations (beyond those included in the RFC assessment) precluding Plaintiff's ability to work. (*Id*.) But the ALJ found Dr. Dassel's and the other medical opinions and testimony to be not fully persuasive. Because, as explained above, Plaintiff has not shown that the ALJ erred in this assessment, Plaintiff has not shown error in the ALJ's RFC findings. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 11th day of December, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge